## COMMONWEALTH v. FRITZ.

*October 5, 1839.*

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

In a suit brought by the Commonwealth against a collector of tolls on the public works, an affidavit to hold to bail, averring the indebtedness of the defendant, being for tolls, &c., belonging to the Commonwealth, received by him, and unpaid, in the sum of $——, "*as appears*" by accounts in the public departments, was held to be sufficient.

A CAPIAS ad respondendum issued in this case, and the defendant was arrested. He obtained this rule to show cause. On the part of the Commonwealth, at the hearing of the rule, affidavits of two of the officers of the Commonwealth were produced, setting forth, in substance, that the defendant had been collector of tolls on the state rail road, that he had received of the moneys and tolls of the Commonwealth the sum of 160,225 dollars and 33 cents, and that he had paid over to the State Treasurer 125,485 dollars and 84 cents, leaving a balance due and unpaid by the defendant to the state of 34,539 dollars and 49 cents, *as appeared* by the accounts kept in the public departments.

*S. G. T. Campbell* said the affidavit was defective, inasmuch as the amount alleged to be due, was sworn to, as appears by certain accounts. He argued that this was not sufficiently positive, and cited 3 *Doug.* 370.

*O. F. Johnson*, Attorney General, contra.

PER CURIAM.—It is undoubtedly true that, in general, an affidavit to hold to bail is not sufficiently positive and certain, if it aver that the defendant is indebted to the plaintiff in a certain sum " as appears" by books and accounts. The law, in most cases, requires that the deponent should testify to the indebtedness without qualification. But to this general rule there are exceptions, which are based upon the principle that it would, in particular cases, be unreasonable to require the degree of positiveness which is ordinarily called for. (See *Pet. on Bail*, 142—147.) The circumstances of the present case form one of the exceptions. The

laws distribute the administrative functions of government among many officers, each having respective duties to perform. In general, no one officer can, from the nature of things, aver his own knowledge of all the materials constituting the liability of the defendant.   Here, an auditing officer makes up the accounts of the collectors of the Commonwealth, and the Treasurer receives from them the moneys of the State which they have received. There then seems to be no way of obtaining just information as to the *amount* at issue, but by reference to the accounts kept in the public departments.

Rule discharged.